UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADAMS ROAD RENTALS, LLC** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **AMERICAN ZURICH INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, American Zurich Insurance Company ("AZIC"), removes the captioned case, *Adams Road Rentals, LLC. v. American Zurich Insurance Company*, Case No. 2023-0003275, Division A, 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. AZIC respectfully submits that the grounds for removal are as follows:

1.

This Court has subject matter jurisdiction over Plaintiff's, Adams Road Rentals, LLC ("Adams Road"), suit under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship as between Adams Road and AZIC.

2.

Adams Road filed a "Petition for Damages," attached here as Removal Ex. "A," titled and designated as *Adams Road Rentals, LLC. v. American Zurich Insurance Company*, Case No. 2023-0003275, Division A, 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana (the "Tangipahoa Parish Litigation"), which is in the territorial jurisdiction of the United States District Court for the Eastern District of Louisiana.

PD.44453722.1

- 2 -

## The Parties are of Diverse Citizenship

**3.**

At the time Adams Road filed its Petition and AZIC filed this Notice of Removal, Adams Road Rentals, LLC was and remains a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Adams Road has three members: Owen Faust, Henry Schwartze, and Kevin Rogers. Owen Faust was and remains domiciled in Louisiana and is, therefore, a Louisiana citizen. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("For individuals, citizenship has the same meaning as domicile[.]") (quotations omitted). Henry Schwartze was and remains domiciled in Colorado and is, therefore, a Colorado citizen. Kevin Rogers was and remains domiciled in Louisiana and is, therefore, a Louisiana citizen. Thus, Adams Road is a Louisiana and Colorado citizen for diversity jurisdiction purposes.

**4.**

At the time Adams Road filed its Petition and AZIC filed this Notice of Removal, AZIC was and remains a corporation organized under the laws of Illinois with its principal place of business in Illinois. Therefore, AZIC is a citizen of Illinois for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c).

**5.**

AZIC is not a Louisiana citizen under 28 U.S.C. § 1332(c)(1)(A)'s "direct action" rule. Adams Road has not asserted a "direct action" as that term is defined in 28 U.S.C. § 1332(c)(1). "A direct action, for purposes of 28 U.S.C. 1332(c)(1), is one in which the victim or injured party is permitted to sue the tortfeasor's insurance carrier directly for the insured's tortious conduct

without first obtaining a judgment against the tortfeasor." *Grefer v. Scottsdale Ins. Co.*, 207 F. Supp. 2d 546, 548 (E.D. La. 2001). "[A]ctions for breach of contract are not considered direct actions." *Id.* at 549. "Furthermore, claims alleging an insurer's breach of good faith and fair dealing have been found not to constitute direct actions." *Id.* Because Adams Road has not filed a "direct action" suit, AZIC will not be treated as a "direct action" Louisiana citizen under 28 U.S.C. § 1332(c)(1)(A).

**6.**

As shown, complete diversity of citizenship exists between the Plaintiff, Adams Road, and Defendant, AZIC.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 EXCLUSIVE OF INTEREST AND COSTS**

**7.**

The Fifth Circuit has observed that "[p]laintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim" and has "established a clear analytical framework for resolving disputes concerning the amount in controversy." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). A defendant that wishes to remove notwithstanding the absence of a specific monetary allegation in a petition may establish the requisite amount in controversy "in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Luckett*, 171 F.3d at 298 (quotations omitted). When the amount in controversy is not "apparent" from the petition, the Court "may then rely on 'summary judgment' type evidence[]" to determine the amount in controversy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

- 4 -

**8.**

It is not "facially apparent" that Adams Road's Petition involves an amount in controversy exceeding $75,000.00 exclusive of interest and costs. Adams Road asserts claims against AZIC for breaches of insurance contracts and statutory violations of La. Rev. Stat. §§ 22:1892 and 22:1973 for alleged damages to properties insured under Policy No. BR73876386, Policy No. BR73876393, Policy No. BR73901797, Policy No. BR73813311, and Policy No. BR73822698 arising from Hurricane Ida. *See generally*, Ex. A (Petition). However, consistent with state practice, the Petition does not contain a sum-certain dollar amount regarding damages. Further, the Petition does not contain a statement that the amount claimed exceeds the federal diversity jurisdiction minimum. *And see Williams v. Stockstill*, 2019 WL 581517, at *2 (E.D. La. Feb. 13, 2019) ("When state laws prohibit plaintiffs from pleading unliquidated damage amounts, as is the case in Louisiana, the Fifth Circuit has held that a plaintiff should place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount if she wishes the thirty-day time period [for removal] to run from the defendant's receipt of the initial pleading.") (quotations omitted).

**9.**

Pursuant to the 21st Judicial District Court's Hurricane Ida Case Management Order, Adams Road issued its Initial Disclosures to AZIC on December 27, 2023. The disclosures state, "Plaintiff seeks the difference between the amount that it was paid by Defendants for the repairs to the buildings, and the amount that it will cost to fully repair the buildings, as evidenced by the incurred costs of repair and the estimated costs of repair for items that are not yet repaired." Ex. B (Adams Road's Initial Disclosures), p.2. However, the documents produced in conjunction with the Initial Disclosures did not include an estimate or any information that would make it

unequivocally clear that federal diversity jurisdiction would be satisfied. Adams Road produced a public adjuster estimate for the alleged costs to repair the properties on January 24, 2024 as a supplement to its Initial Disclosures. Ex. C, (Public Adjuster Estimate).

**10.**

AZIC had previously paid Adams Road $11,707.97. Adams Road's public adjuster estimate identifies a "Net Claim" amount of $396,270.66 for "Dwelling" and $8,935.43 for "Other Structures" for a total of $405,206.09.[1] Thus, the "difference" that Adams Road seeks for its breach of insurance contract claim is $393,498.12.

**11.**

Additionally, Adams Road seeks extracontractual penalties under La. Rev. Stat. §§ 22:1892 and 22:1973. Ex. A (Petition), ¶¶ 27-33. When statutory penalties under La. Rev. Stat. §§ 22:1892 and 22:1973 are alleged in a petition, they are considered to establish the amount in controversy. *See Lottinger v. State Farm Fire & Cas. Co.*, 2014 WL 4403440, at *7 (E.D. La. Sept. 5, 2014) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Under La. Rev. Stat. § 22:1892, when an insurer fails to pay a claim within 30 days or receipt of satisfactory proof of loss and when such failure is found to be arbitrary, capricious, or without probable cause, the insurer shall be subject "to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, . . . or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs."

---

[1] *See* Ex. C (Public Adjuster Estimate), p. 125-127.

**12.**

Adams Road claims that "[AZIC] failed to pay the amount due to [Adams Road] in connect with the subject claim within thirty (30) days after receipt of satisfactory proof of loss." Ex. A (Petition), ¶ 13. Thus, Adams Road seeks a 50% penalty in addition to the claimed amount.

**13.**

Adams Road also seeks attorneys' fees under La. R.S. § 22:1892. *See* Ex. A (Petition), ¶36(k), Prayer for Relief. "[W]hen attorneys' fees are provided by contract or a statute mandate or allows payment of such fees, attorneys' fees are considered part of the amount in controversy for jurisdictional purposes." *Rodney v. Waffle House, Inc.*, 2018 WL 6829041, at *9 (M.D. La. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 10809995 (M.D. La. Dec. 18, 2018).) (quotations omitted). Thus, Adams Road seeks an additional 33% in addition to its claimed amount and penalties. *See Edwards v. Nw. Mut. Life Ins. Co.*, 2016 WL 7077883, at *4 (W.D. La. Oct. 11, 2016), *report and recommendation adopted*, 2016 WL 7108587 (W.D. La. Dec. 5, 2016) (While evaluating attorneys' fees as part of the amount in controversy, the Court noted: "Courts sometimes use the standard 33% of total recovery or one-third contingency fee arrangement when calculating attorneys' fees"); *See also Gelvin v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1354855, at *3 (E.D. La. Apr. 18, 2012)(using a 40% contingency fee to evaluate the amount in controversy).

**14.**

As shown, the jurisdictional minimum for diversity jurisdiction is satisfied. Although it was not facially apparent that Petition described a dispute involving more than $75,000.00 in controversy exclusive of interest and costs, AZIC can supply summary judgment-type evidence to establish that the amount in controversy is exceeds $75,000.00 exclusive of interest and costs as required for federal diversity jurisdiction to attach.

- 6 -

## REMOVAL IS TIMELY

**15.**

As noted above, Adams Road's Petition lacks "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). "[N]or did [Adams Road] avail [itself] of the option provided by Louisiana law to affirmatively state the $75,000 threshold would be exceeded." *O'Shea v. Ocean Harbor Cas. Ins. Co.*, 2023 WL 5844753, at *4 (E.D. La. Sept. 11, 2023). Thus, AZIC was not required to remove—indeed, could not remove—the action within 30 days of service under 28 USC § 1446(b)(1) per *Chapman*.

**16.**

When, as here, the "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**17.**

AZIC's receipt of Adams Road's public adjuster estimate on January 24, 2024 is the first time it received an "other paper" from which it could be "ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**18.**

This Notice of Removal is filed within 30 days of January 24, 2024 in accordance with 28 U.S.C. § 1446(b)(3).

- 8 -

**19.**

Adams Road commenced this action on August 28, 2023 when it filed its Petition. Accordingly, this removal is filed less than 1 year after the commencement of the action as required by 28 U.S.C. § 1446(c)(1).

**CONCLUSION REGARDING FEDERAL DIVERSITY JURISDICTION**

**20.**

The action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as this civil controversy is wholly between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Further, removal was effectuated within the timeframes outlined by 28 U.S.C. § 1446(b) and (c). Thus, in accordance with 28 U.S.C. §§ 1441 and 1446, this case may be removed to the United States District Court for the Eastern District of Louisiana.

**21.**

Pursuant to 28 U.S.C. § 1446(d), and concurrently with the filing of this Notice of Removal, written notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

**22.**

Pursuant to 28 U.S.C. § 1446(a), AZIC has attached "a copy of all process, pleadings, and orders" from the Tangipahoa Parish Tangipahoa as Removal Ex. "D."

**23.**

By removing this case to this Court, AZIC reserves all rights and defenses, including but not limited to seeking dismissal and all other available grounds for procedural or substantive motions.

**WHEREFORE**, American Zurich Insurance Company removes this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _/s/ Jeffrey S. Knighton Jr._
Virginia Y Dodd, Bar Roll No. 25275
Jeffrey S. Knighton Jr., Bar Roll No. 39941
II City Plaza
400 Convention Street | Suite 1100
Baton Rouge, Louisiana 70802-5618
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
Email: ginger.dodd@phelps.com
jay.knighton@phelps.com

**ATTORNEYS FOR DEFENDANT, AMERICAN ZURICH INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Removal has been served on February 23, 2024 on:

**Adams Road Retal LLC**
*Through its attorneys of record:*

John Mark Fezio
Peter N. Freiberg
Rajan Pandit
PANDIT LAW FIRM, LLC
701 Poydras Street, Suite 3950
New Orleans, Louisiana 70139
jfezio@panditlaw.com
pfreiberg@panditlaw.com
rpandit@panditlaw.com

Matthew M. Mize
ROBICHAUX MIZE WADSACK
RICHARDSON & WATSON, LLC
1777 Ryan Street (70601)
P.O. Box 2065
Lake Charles, Louisiana 70602
mmm@rmwlegal.com

by United States Mail, proper postage prepaid, and/or Electronic Mail.

/s/ *Jeffrey S. Knighton Jr.*
Jeffrey S. Knighton Jr
Bar Roll No. 39941
jay.knighton@phelps.com